Tilghman C. J.
This is an ejectment for lands lying west ■of the Allegheny river. The plaintiff made a-tide under a warrant and survey, but had not complied with- the terms of ■settlement required by the act of 3d April, 1792. The Court '■of Common Pleas permitted the defendant to give evidence of. his having entered and made a settlement, after the time F allowed bylaw for the pláintiff to complete his settlement had- expired. This is the error assigned, the plaintiff’s counsel contending that the entry and settlement of the defendant were unlawful without a vacating warrant first obtained from the land-office. Many suits have arisen under this act of assembly, and many trials have been had before the judges of this Court, in all of which it has been the practice to receive evidence of an entry and settlement, whether with or ' without a vacating warrant; and when the usual facts have been disclosed, the Court has given its opinion to the jury. There has been a difference of opinion, whether- under circumstances similar to those of the defendant’s case, a vacating warrant was necessary to defend him against the plaintiff. But I think there can be no doubt that a vacating warrant, jssiied after the entry of the defendant, would confirm his *76 title, supposing it not to be good without such warrant; because the title being in the commonwealth by the default of the plaintiff in complying With the conditions of sale, may be granted to a third person at any time, and it is immaterial to-the plaintiff whether the grant be made before the éntry of such third person or after. Now for any thing that appears by this bill of exceptions, the evidence admitted by the Court might have been introductory to a vacating warrant. But if no such warrant was afterwards produced, the plaintiff might have required the Court’s opinion on the whole evidence, and then the defendant’s case would have been fairly brought on the record, subject to the revision of this.Court on a writ of error. This is the course which should have been pursued. Whether the plaintiff would have been entitled to recover in case the defendant never obtained a vacating warrant I give no opinion, but for the reasons which I have assigned, I think.the evidence objected to by the plaintiff was properly received. The judgment should therefore be affirmed. . .
Yeates J.
I have known no controversies between warrantees and actual settlers under the law of 3d April, 1792, wherein the acts of the settlers have been refused in evidence. The effect of such evidence when received becomes matter of law, upon which the sentiments of the Court may be required, under the circumstances of each particular case. This was not done in the present instance, although we have been told, that the charge of the Court was favourable in general to the plaintiff. Here the defendant’s entry was made in the spring of 1798, above two years after the ratification of the Indian treaty at Fort Grenville.
Lhave heretofore expressed my sentiments on the subject of vacating .warrants under the act of 1792.' That the com,r monwealth may dispense with any condition made in their fávoúr, Lhave not a particle of dpubt; but I have yet to learn, that the substantial contract made between the state and warrantees can be impaired by any legislative act whatever.
I am of opinion, that the judgment below be affirmed.
Brackenridge J. concurred with the Chief Justice.
Judgment affirmed.